Steven W. Ritcheson, Esq. (SBN 174062)
switcheson@whitefieldinc.com
**WHITE FIELD, INC.**
9800 D Topanga Canyon Blvd. #347
Chatsworth, California 91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383

Brian D. Hancock (*pro hac vice*)
tim@hgdlawfirm.com
bdhancock@hgdlawfirm.com
**HENINGER GARRISON DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama 35203
Phone: (205) 326-3336
Fax: (205)-326-3332

Attorneys for Plaintiff,
**JOAO CONTROL & MONITORING SYSTEMS, LLC**

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| JOAO CONTROL & MONITORING SYSTEMS, LLC<br>      Plaintiff,<br><br>      v.<br><br>ACTI CORPORATION, INC., et al,<br>      Defendants. | Case No. 8:10−cv−01909−DOC−RNB<br><br>**PLAINTIFF'S STATEMENT IN RESPONSE TO ORDER TO SHOW CAUSE RE: CONSOLIDATION OF CASES** |
| JOAO CONTROL & MONITORING SYSTEMS, LLC<br>      Plaintiff,<br><br>      v.<br><br>WEBCAMNOW.COM, INC.,<br>      Defendant. | Case No. 2:11-cv-08257-DOC-RNBx<br><br>**PLAINTIFF'S STATEMENT IN RESPONSE TO ORDER TO SHOW CAUSE RE: CONSOLIDATION OF CASES** |

| | |
|---|---|
| JOAO CONTROL & MONITORING SYSTEMS, LLC<br>　　　Plaintiff,<br><br>　　　v.<br><br>DIGITAL PLAYGROUND. INC.,<br>　　　Defendant. | Case No. 2:12-cv-00417-DOC-RNB<br><br>**PLAINTIFF'S STATEMENT IN RESPONSE TO ORDER TO SHOW CAUSE RE: CONSOLIDATION OF CASES** |

COMES NOW the Plaintiff in each of the above-styled cases, JOAO CONTROL & MONITORING SYSTEMS, LLC ("Plaintiff" or ""JC&MS"), to respond to this Court's Order to Show Cause Why Cases Should Not Be Combined, dated February 16, 2012 ("Order"). Dkt. Nos. 233, 21, and 9, respectively. Plaintiff filed the case styled "Joao Control & Monitoring Systems, LLC v. ACTI Corporation, Inc., et al." ("ACTI case" or "10-1909 case") on December 15, 2010. Dkt. No. 1. Plaintiff filed the case styled, "Joao Control & Monitoring Systems, LLC v. Webcamnow.com, Inc." ("Webcamnow case" or "11-8257 case") on October 4, 2011. Dkt. No. 1. The Plaintiff filed the case styled "Joao Control & Monitoring Systems, LLC v. Digital Playground Inc." ("Digital Playground case" or "12-0417 case") on January 17, 2012. Dkt. No. 1. The Order states that "(t)hese cases appear to share: (1) U.S. Patent No. 6,587,046; (2) some factual allegations; and (3) the same counsel for Plaintiff." Order at 2. The Order asks whether "(1) the 10-1909 case and 11-8257 case should not be combined into one; and (2) the 11-8257 and the 12-0417 case should not be combined into one; and (3) all three cases – 10-1909, 11-8257, and 12-0417 – should not be combined into one." *Id.*

This Court has broad discretion under Rule 42(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. Proc.") to consolidate pending cases that share a "question of law or fact". *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989). A motion by a party is not necessary; a Court may

consolidate cases *sua sponte*. *In Re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). This Court has stated that the "potential for delay, confusion, and prejudice caused by consolidation" must be considered when deciding whether related cases should be consolidated. *Kerr Corporation v. North American Dental Wholesalers, Inc.*, 2011 WL 4965111, *2 (C.D. Cal. 2011).

### A. Webcamnow And Digital Playground Cases Are Suitable For Consolidation

The Webcamnow case is itself the result of a recent combination by this Court of four cases[1]. Dkt. No. 18 (11-8257 case). These four cases share the same patents-in-suit (including the 6,587,046 patent) and counsel for Plaintiff, and were filed at about the same time (October or November, 2011). As such they are all in the early stages of litigation and were consolidated without objection from Plaintiff. Dkt. 17 (11-8257 case). As the recently-filed Digital Playground case shares the same attributes as the cases collected in the Webcamnow case, Plaintiff has no objection to this Court combining the Webcamnow (11-8257) and Digital Playground (12-0417) cases. As this Court may require the parties to re-file their pleadings after the cases have been consolidated, any prejudice to the Digital Playground case due to its later start will vanish.

### B. The ACTI Case Is Not Suitable For Consolidation With The Other Cases

The ACTI case (10-1909) is quite different. The Complaint was filed more than two years ago and has been amended twice. Dkt. Nos. 1, 73, 166, 179. The Parties have filed their responsive pleadings. Dkt. Nos. 51, 68, 88, 91, 96, 101-103, 106, 107, 109, 111, 113-116, 122, 125, 137-144, 216, 229. A Protective Order has been proposed and entered. Dkt. Nos. 168, 173, 175. Several defendants have been dismissed or severed from the case, and dismissal of several other defendants has been requested. [Dkt. Nos. 135, 162, 189, 227] This Court has entered a Scheduling

---

[1] Under the Webcamnow case (11-8257), this Court has merged the following cases: (1) JC&MS v. Game Link LLC (11-9633), (2) JC&MS v. GSMC, Inc. (11-9636), and (3) JC&MS v. Ahava, Inc. (11-9638). Dkt. No.18 (11-8257).

1  Order setting the Final Pretrial Conference for May 6, 2013, and the date for the start
2  of trial for July 16, 2013[2]. Dkt. No. 165.  Discovery requests have been propounded,
3  and responses, objections and documents have been sent in reply.  A motion to
4  dismiss has been filed and dismissed without prejudice.  Dkt. Nos. 182, 192.  One
5  motion to compel is pending.  Dkt. Nos. 222, 223.  It has taken considerable time
6  and expense to bring the ACTI case to its current stage, and there would be a
7  considerable delay while the Webcamnow and Digital Playground cases caught up.
8  Additional discovery might be required and there would be considerable effort
9  associated with bringing the new parties up to speed.  Much of the strategic value
10 associated with the timing of the filing of the cases and the cost to put the matter in
11 stasis only to have to ramp up again at a later date would certainly be costly to
12 Plaintiff.  In short, this case has progressed too far only to be put on hold so that the
13 recently-filed cases can catch up without a significant cost to the Plaintiff (and most
14 likely to the Defendants as well).  There is more than a potential for delay, confusion
15 and prejudice; there would certainly be a delay which would likely cause additional
16 complications and cost.  *Kerr Corporation*, 2011 WL 4965111, *2.

17      There would be additional complications if the ACTI and Webcamnow cases
18 were consolidated.  While the two cases share U.S Patent No. 6,587,046, the ACTI
19 case also alleges infringement of U.S. Patent Nos. 5,917,405, 6,542,076, 6,549,130,
20 and 7,397,363.  Furthermore, the technologies involved are very substantially
21 different.  The defendants in ACTI case are using technologies associated with the
22 monitoring of premises or vehicles.  Dkt. No. 1 (10-1909).  By comparison, the
23 Webcamnow and Digital Playground defendants are using technology for
24 "receiving and monitoring video information by a video recording device or camera,
25 including websites".  Dkt. No. 1, ¶ 10 (11-8257 and 2-0417 cases).  By combining
26 the ACTI and Webcamnow/Digital Playground cases, the likelihood for confusion

27
28
[2] Although the Scheduling Order says that the Court has established a date for the end of all Discovery, the Scheduling Order does not provide such a date.  Dkt. No. 165 at 2.

for all Parties as well as the Court and Jury is high. Keeping track of which patent applies to which defendant would be difficult as would trying to keep straight which patent and defendant applies to each technology. The likelihood for confusion would also contribute to delay and require additional time to present, both of which would result in additional costs to all Parties.[3] For these reasons alone, the ACTI and Webcamnow/Digital Playground cases should not be combined. *Kerr Corporation*, 2011 WL 4965111, *2.

For the reasons stated above, Plaintiff requests that this Court not consolidate the ACTI case (10-1909) with the other two cases.

---

[3] In addition, the recently-enacted America Invents Act prohibits joinder of multiple defendants in a patent infringement action unless the accused parties have the "same accused product or process" and "questions of fact common to all [Parties]". 35 U.S.C. § 299(a). The differences between the technologies of the ACTI and Webcamnow/Digital Playground defendants would presumably have prevented Plaintiff from combining these defendants if it were attempting to file a Complaint with all these defendants today.

Date: February 27, 2012

Respectfully submitted,

/s/ *Brian D. Hancock*
Steven W. Ritcheson, Esq. (SBN 174062)
E-mail : swritcheson@whitefieldinc.com
**WHITE FIELD, INC.**
9800 D Topanga Canyon Blvd. #347
Chatsworth, California  91311
Telephone : (818) 882-1030
Facsimile :   (818) 337-0383

Brian D. Hancock, Esq.
E-mail: bdhancock@hgdlawfirm.com
**HENINGER GARRISON DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama  35203
Telephone : (205) 326-3336
Facsimile :   (205) 326-3332

*Attorneys for Plaintiff*
*JOAO CONTROL & MONITORING SYSTEMS, LLC*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been served upon all counsel of record via the Court's CM/ECF filing system, on this day, February 27, 2012.

Date: February 27, 2012

/s/ *Brian D. Hancock*
Brian D. Hancock